## STEPS TAKEN BY COUNSEL AMOUNTING TO LESS THAN AN ENTRY OF APPEARANCE.

Circuit Court of Cuyahoga County.

HENRY H. FLANDERMEYER v. HUGO FISHEL ET AL.

Decided, February 9, 1904.

*Practice—Jurisdiction—What Acts Will Not Amount to Entry of Appearance.*

1. Complaint of defendants attorney made informally, that the amount of an appeal bond was insufficient to protect his client's interest, does not constitute an entry of appearance, where the record does not disclose that any motion or application to increase the bond was ever filed.

2. Where, in a motion to strike a petition from the files, it is expressly provided that the defendant enters his appearance for the sole purpose of making that motion and for no other purpose, this proviso inheres in an application to amend the motion, filed at a later date, and such application to amend the motion does not amount to an entry of appearance generally.

*Alex. H. Martin and W. C. Ong,* for plaintiff in error.
*Hart & Canfield,* contra.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Error to the court of common pleas.

Plaintiff filed a petition in error in the common pleas court to reverse the judgment of a justice of the peace in a forcible detainer action, but neglected to serve defendants with process on said petition in error. The common pleas court, because of the lack of service of summons on the petition in error, dismissed it. Thereupon plaintiff filed petition in error in this court to reverse the judgment of the common pleas court, and the sole question here is whether or not an entry of appearance was in fact made by defendants in the court below.

There is some little discrepancy between the transcript from the common pleas court and the bill of exceptions from that court, but we have considered all the facts shown by both.

1. It is claimed by plaintiff that defendants' attorney appeared in the court below, objected to the size of the bond given by plaintiff, and because of the appearance and objection, the court increased the bond from $200 to $2,000.

The bill of exceptions, as to this matter, shows that a petition in error being filed in the common pleas court without its consent or notice to defendants, defendants' attorney saw the judge presiding in Room 1 of said court and asked him if he thought it was right and legal to allow the petition to be filed without notice. The attorney says that he was a little mad and the judge said if he did not like what had been done he could file a motion to strike the petition from the files. The attorney says he made no application to have the bond increased but did complain about the insufficiency of the bond. The judge corroborates this statement and says that he did increase the bond from $200 to $2,000; explaining this action, he says:

"Either Mr. Hart or Mr. Canfield (plaintiff's attorneys) came to me and objected rather vigorously to the action taken, and among other things, complained about the size of the bond.

"Q. What did he say? A. Well, he complained about its insufficiency, said it was not large enough to protect his clients, and I thereupon increased the bond."

The increase was made by adding a cipher to the original entry of $200 on the docket. There was no new entry made. We do not consider this action of the attorney in talking to the judge in the general manner indicated, constituted an appearance for the defendants in the action. The record fails to show any application by said attorney for an increased bond. It fails to show any action by the court on any such application. What was done by the judge in increasing the bond was done upon his own motion.

2. It appears that defendant filed a motion to strike the petition in error from the files for the reason that said petition was not filed in said court within the time authorized by the statutes.

The motion reads that the defendants "enter their appearance for the sole purpose of making this motion and for no other purpose." It was the proper manner in which to make the point without making a general appearance.

No authorities need be cited on this point.

This motion was overruled. Thereafter the entry overruling said motion was vacated and set aside and the transcript shows the following:

"November 16, 1903. To court. The defendants in error have leave on their own application to amend their motion to strike the petition in error from the files, by interlining the words 'and action commenced within four months from time the judgment was rendered.' "

The interlineation was made and the motion as amended was granted.

It is claimed that the application to amend the motion constituted a general appearance in the case. We think not.

The application was solely regarding the motion and made under it. It affected no other proceeding in the case. The proviso in the motion inheres in the application to amend it and preserves to defendants all such exemptions as they were entitled under the original motion.

We find no error in the judgment of the common pleas court and it is affirmed.